UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PAUL SIMMONS,

        Petitioner,                               Case Number 12-13848

v.                                                 Honorable David M. Lawson

LLOYD RAPELJE,

        Respondent,
_____/

## OPINION AND ORDER HOLDING IN ABEYANCE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING CASE

    Petitioner Paul Simmons, presently confined at the Saginaw Correctional Facility in Freeland, Michigan, has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He was convicted by a jury in the Wayne County, Michigan circuit court on two counts of second-degree murder, Mich. Comp. Laws § 750.317, and one count of possession of a firearm during the commission of a felony (felony firearm), Mich. Comp. Laws § 750.227b. He was sentenced on April 28, 2010 to 20 to 40 years for murder and a consecutive two-year prison term for felony firearm. In his petition, Simmons raises three claims challenging his conviction and sentence based on prosecutorial misconduct, improperly admitted evidence, and sufficiency of the evidence.

    On April 10, 2013, the petitioner filed a motion to hold the petition in abeyance, asking the Court to stay his habeas proceeding while he exhausts his state court remedies for three additional claims that he did not present in his petition or during his direct appeal. For the reasons discussed below, the Court will grant the petitioner's request, stay the petition, establish conditions under which he must proceed, and administratively close the case.

I.

The petitioner was convicted of the charges listed above following a jury trial. The Michigan Court of Appeals affirmed one of the convictions for second degree murder and the conviction for felony firearm, but vacated the other conviction for second degree murder. *People v. Simmons,* No. 298360 (Mich. Ct. App. July 26, 2011). The state supreme court denied leave to appeal on December 28, 2011. *People v. Simmons*, 490 Mich. 972, 806 N.W.2d 522 (2011) (Table).

On August 30, 2012, the petitioner filed an application for habeas relief in this Court, in which he seeks relief on the three claims that he raised in his direct appeal with the Michigan courts. On April 10, 2013, the petitioner filed a motion to hold the habeas petition in abeyance so that he can return to state court to present his three new claims in a postconviction motion for relief from judgment. In his motion, the petitioner asserts that on the same day he filed his motion to stay his habeas proceeding, he also filed a motion for relief from judgment in the Wayne County circuit court under Michigan Court Rule 6.502.

II.

The doctrine of exhaustion of state remedies requires state prisoners to "fairly present" their claims as federal constitutional issues in the state courts before raising those claims in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999); *McMeans v. Brigano*, 228 F.3d 674, 680-81 (6th Cir. 2000). The exhaustion requirement is satisfied if a prisoner invokes one complete round of the state's established appellate review process, including a petition for discretionary review to a state supreme court. *See O'Sullivan*, 526 U.S. at 845. A prisoner "'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions using constitutional analysis, or state decisions

employing constitutional analysis in similar fact patterns." *Levine v. Torvik*, 986 F.2d 1506, 1516 (6th Cir. 1993), *overruled in part on other grounds by Thompson v. Keohane*, 516 U.S. 99 (1995) (citing *Franklin v. Rose*, 811 F.2d 322, 326 (6th Cir. 1987))). A Michigan petitioner must present each ground to both Michigan appellate courts before seeking federal habeas relief. *See Mohn v. Bock*, 208 F. Supp. 2d 796, 800 (E.D. Mich. 2002); *see also Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The petitioner bears the burden of showing that state-court remedies have been exhausted. *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994) (citing *Darr v. Burford*, 339 U.S. 200, 218-19 (1950)).

The exhaustion doctrine turns upon an inquiry as to whether there are state-court procedures available for a habeas petitioner to exhaust his or her claims. *See Adams v. Holland*, 330 F.3d 398, 401 (6th Cir. 2003). In this case, the petitioner's method of properly exhausting his claims in the state courts is through filing a motion for relief from judgment with the Oakland County Circuit Court under Michigan Court Rule 6.502. Denial of a motion for relief from judgment is reviewable by the Michigan Court of Appeals and the Michigan Supreme Court upon the filing of an application for leave to appeal. Mich. Ct. R. 6.509; Mich. Ct. R. 7.203; Mich. Ct. R. 7.302. *Nasr v. Stegall*, 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The Supreme Court has held that the filing of a federal habeas petition does not suspend the running of the one-year limitations period under 28 U.S.C. § 2244(d)(2). *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001). However, the Supreme Court's decision in *Duncan* did not prevent district courts from "retain[ing] jurisdiction over a meritorious claim and stay[ing] proceedings pending the complete exhaustion of state remedies," or from "deeming the limitations period tolled for [a habeas] petition as a matter of equity." *Id*. at 182-83 (Stevens, J., concurring). The Supreme Court

-3-

nonetheless has cautioned that a stay is "available only in limited circumstances," such as "when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the unexhausted claims are not "plainly meritless," and the petitioner has not "engage[d] in abusive litigation tactics or intentional delay." *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005).

In this case, the outright dismissal of the petition, albeit without prejudice, might result in preclusion of consideration of the petitioner's claims in this Court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance calling for abating a habeas petition arises when the original petition was timely filed, as was the case here, but a second, exhausted habeas petition would be time barred by the AEDPA's statute of limitations. *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002). The Supreme Court, in fact, has suggested that a habeas petitioner who is concerned about the possible effects of his state post-conviction filings on the AEDPA's statute of limitations could file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold further proceedings in abeyance pending resolution of state court post-conviction proceedings, provided there is good cause for failure to exhaust claims and that the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

The statute of limitations in 28 U.S.C. § 2244(d) should cause the petitioner some concern. The Michigan Supreme Court denied the petitioner's application for leave to appeal on December 28, 2011. The petitioner's convictions then became final ninety days later, on March 27, 2012, when

the time during which he could have filed a petition for a writ of certiorari in the United States Supreme Court expired. The one-year limitations period commenced the following day, March 28, 2012. *See Bronaugh v. Ohio*, 235 F.3d 280, 284–85 (6th Cir.2000) (holding that the last day on which a petitioner can file a petition for a writ of certiorari in the United States Supreme Court is not counted toward the one-year limitations period applicable to habeas corpus petitions). The petitioner filed the pending petition on August 30, 2012. If the Court does not toll the limitations period during the pendency of his state-court action, the limitations period likely will have expired and any subsequent habeas petition filed by him would be untimely, by the time that the state trial court decides his pending motion for relief from judgment.

The Court, therefore, will grant the petitioner's motion to hold the petition in abeyance while he returns to the state courts to exhaust additional claims. The three claims that the petitioner raises in his petition have been exhausted, but the three that he raises in his motion for abeyance have not. The petitioner's claims do not appear to be "plainly meritless," *Wagner v. Smith,* 581 F. 3d 410, 419 (6th Cir. 2009), and he may assert that he did not previously raise these claims in the state courts due to the ineffective assistance of appellate counsel. *Id.*, at 419, n.4 & 5. It does not appear that the petitioner has engaged in "intentionally dilatory tactics."

However, even where a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines*, 544 U.S. at 278. Therefore, to ensure that there are no delays by the petitioner in exhausting his state court remedies, this Court will impose upon the petitioner time limits within which he must proceed with his state court post-conviction proceedings.

*See Palmer v. Carlton*, 276 F. 3d 777, 781 (6th Cir. 2002).  The petitioner must ask this Court to lift the stay within twenty-eight days of exhausting his state court remedies.

III.

Accordingly, it is **ORDERED** that the petitioner's motion to hold petition in abeyance [dkt. #8] is **GRANTED**.

It is further **ORDERED** that the petitioner must file an amended petition in this Court within **twenty-eight days** after the conclusion of the state court proceedings.  If the petitioner files an amended petition, the respondent shall file an answer addressing the allegations in the petition in accordance with Rule 5 of the Rules Governing Section 2254 Cases in the United States District Courts within **sixty days** thereafter.  If the petitioner returns to federal court with an amended petition, following exhaustion of his state court remedies, he must use the same caption and case number as appears on this order.

It is further **ORDERED** that to avoid administrative difficulties the Clerk of Court **CLOSE** this case for statistical purposes only.  Nothing in this order or in the related docket entry shall be considered a dismissal or adjudication of this matter.

It is further **ORDERED** that upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court may order the Clerk to reopen this case for statistical purposes.

                                                s/David M. Lawson
                                                DAVID M. LAWSON
                                                United States District Judge

Dated: April 22, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 22, 2013.

                                              s/Deborah R. Tofil
                                              DEBORAH R. TOFIL